UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FLAVIO MORENO,<br><br>    Plaintiff,<br><br>v.<br><br>ROMEO ARANAS, et al.,<br><br>    Defendants. | Case No.: 3:19-cv-00275-MMD-WGC<br><br>**Report & Recommendation of United States Magistrate Judge**<br><br>(Re: ECF No. 23) |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Defendants' Motion to Enforce Settlement Agreement. (ECF No. 23.) Plaintiff filed a response. (ECF No. 32.) Defendants filed a reply. (ECF No. 33.) After a thorough review, the Court recommends that Defendants' motion be **GRANTED**.

## I. BACKGROUND

Plaintiff Flavio Moreno is an inmate of the Nevada Department of Corrections (NODC), currently housed at Lovelock Correctional Center (LCC). Moreno and Defendants engaged in an Early Mediation Conference on September 1, 2020. (ECF No. 12.) During the mediation conference, a settlement was reached and placed on the record by Mediator Brian Brown

1

(Mediator). *Id*. Before the Mediator placed the terms of the agreement on the record he stated to Mr. Moreno, "once we place this agreement on the record, and each of you agrees to the settlement terms, you will have a binding agreement." ECF No. 12; Transcript of EMC, Exhibit A at 3:8-11. Moreno was advised, and stated he understood, that if he changed his mind after the terms were entered on the record, he would still be bound by the terms of the agreement. (*Id.* at 5:13-18.)

The terms of the settlement agreement were as follows: Moreno is to dismiss his case with prejudice with each side to bear their own costs.  In exchange for dismissal, Moreno was to receive an expedited dental appointment, within two weeks, in order to discuss refitting his lower denture. (*Id.* at 7:7-15.)   Upon receipt of the Proposed Settlement Agreement, filed under ECF No. 22, Moreno refused to sign and indicated he wanted more than an expedited medical appointment. (ECF No. 23, Letter from Moreno, Exhibit B.)   He demanded that any dental procedure actually take place within two months and that his "bottom partial is fitted and appropriately useful for eating."   He also insisted on reimbursement of his filing fee of $350.00 (ECF No. 23-2 at 2).[1]

## **II. LEGAL STANDARD**

"'The construction and enforcement of settlement agreements are governed by principles of local law.'" *Jones v. McDaniel*, 717 F.3d 1062, 1067 (9th Cir. 2013) (quoting *O'Neil v. Bunge Corp.*, 365 F.3d 820, 822 (9th Cir. 2004)). "That is true, 'even where a federal cause of action is settled or released.'" *Id*. (quoting *Botefur v. City of Eagle Point*, 7 F.3d 152, 156 (9th Cir. 1993)).

"Under Nevada law, 'a settlement agreement['s] construction and enforcement are governed by principles of contract law.'" *Id.* (citing *May v. Anderson*, 121 Nev. 668, 119 P.3d 1254, 1257 (2005)). "The 'ultimate goal is to effectuate the contracting parties' intent.'" *In re*

---

[1] Plaintiff did see the NDOC dentist, Dr. Yup, on 10/1/2020, but he claims "to no avail." (ECF No 32, discussed further herein at pp. 3-4.)

*Amerco Derivative Litig.*, 252 P.3d 681, 693 (Nev. 2011). "Although an analysis of a settlement's terms starts with the language of the agreement, 'when that intent is not clearly expressed in the contractual language, [courts] may also consider the circumstances surrounding the agreement.'" *Id*.

For a contract to be enforceable, basic contract principles require an offer and acceptance, meeting of the minds, and consideration. *May v. Anderson*, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005). "A meeting of the minds exists when the parties have agreed upon the contract's essential terms." *See Certified Fire Prot., Inc. v. Precision Constr., Inc.*, 283 P.3d 250, 255 (Nev 2012). Consideration requires something that is "bargained for and given in exchange for an act or promise." *Zhang v. Eighth Judicial Dist. Ct.*, 120 Nev. 1037, 103 P.3d 20, 24 n. 11 (2004), *abrogated on other grounds by Buzz Stew, LLC v. City of North Las Vegas*, 124 Nev. 224, 181 P.3d 670 (2008). A contract may be formed when the parties have agreed to the materials terms, even though the contract's exact language is not finalized until later. *May*, 121 Nev. at 672, 119 P.3d at 1257.

The Ninth Circuit has held that when the parties negotiate a settlement in off the record sessions in court, and come to an agreement and place the terms on the record in open court, there is no need for an evidentiary hearing as to whether there is an agreement or what the terms are because: "the parties [have] dispelled any such questions in open court." *Doi v. Halekulani*, 276 F.3d 1131, 1139 (9th Cir. 2002) (citation omitted).

### III. DISCUSSION

The Defendants' argument is straightforward: Plaintiff and Defendants entered into a settlement agreement at the Early Mediation Conference the terms of which were expressly agreed to as binding. There is no argument by Plaintiff that the terms of the written agreement did not

comport with the oral agreement entered into before Mediator Brown – just that he wants additional consideration be provided in order for him to settle.

Plaintiff's argument in opposition submits that "Defendant's (sic) are using manipulative actions and inactions in the disguise of Plausible Deniability and in a fashion that is "intended to undermine the Courts." (ECF No. 32.) Plaintiff's rhetoric is devoid of specifics where Defendants or their counsel used "manipulative actions or inactions." The closest that Plaintiff claims which might be considered "inaction" is that although he saw Dr. Yup shortly after the EMC, that "the issue of Providing effective Dental/medical treatment is still unmet." (*Id*. at 2). Much of Plaintiff's argument which follows consists of citation of cases concluding that the law "requires that there be an adequate dental care system." (*Id.*) While this is an accurate statement of what the law requires, it does not address whether the settlement agreement should be enforced.

Plaintiff next cites the "PLRA" (*id. at 3;* presumably the Prison Litigation Reform Act) but cites to no provision of the PLRA which prohibits enforcement of a settlement agreement. Plaintiff then turns to 28 U.S.C. ¶ 3636(c)(2), which pertains to "Settlements" in "Post Sentence Administration." This case does not involve "Post Sentence Administration." But to the extent ¶ 3626 applies, subsection (c)(2) of that section provides that nothing in this section "shall preclude parties from entering into private settlement agreements." While the settlement in the instant matter may not have been a "private agreement," there is no reason why a judicially-brokered agreement should not be subject to enforcement as well.

/ / /

/ / /

/ / /

/ / /

4

Plaintiff argues that until a settlement agreement is reduced to a writing, it cannot be enforced. As a general proposition that may be true, but in the instant matter the terms of the settlement were agreed upon in open court, with Plaintiff expressly recognizing that a binding, enforceable agreement had been reached. The law is clear in the Ninth Circuit that oral agreements made in open court are clearly enforceable. *Doi v Halekulani Corp*, *supra,* at p. 1140:

> "[I]n this case since both parties made representations to the court that agreement had been reached, there can be no factual dispute that a settlement had been consummated, and the court is empowered summarily to require the parties to comply with their representations without holding a hearing."). *Doi,* citing . *Vari–O–Matic Machine Corp. v. New York Sewing Machine Attachment Corp.,*629 F.Supp. 257, 259 (S.D.N.Y.1986).

The *Doi* court concluded as follows:

> To summarize, then, we are persuaded, as the district court was, that Doi entered into a binding settlement agreement in open court. Further, Doi has failed to demonstrate how any of the terms of the written settlement agreement are in discord with the terms of the agreement stated in open court. We therefore conclude that the district court did not abuse its discretion in enforcing the written settlement agreement.

Whether Plaintiff's follow-up appointment met his expectations (ECF No. 32 at 4) is not the issue before the court; the issue, rather is whether Plaintiff and Defendants knowingly and voluntarily entered into a binding settlement agreement. There is no dispute that they did. The motion to enforce the settlement agreement should be granted.

/ / /

/ / /

/ / /

/ / /

/ / /

5

## IV. CONCLUSION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **GRANTING** the Defendants' Motion to Enforce Settlement Agreement (ECF No. 23) and that a judgment of dismissal should be entered.

The parties should be aware of the following:

1. Under 28 U.S.C. § 636(b)(1)(C), the parties may file objections to the undersigned's Report and Recommendation. Such objections are to be filed within fourteen (14) days of being served with a copy of the Report and Recommendation.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: January 11, 2021.

*William G. Cobb*
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE